# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | | | |
|---|---|---|---|
| LAWRENCE DAVID RALPH, JR., | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No. | 4:17-CV-020-DCLC-SKL |
| | ) | | |
| BLAIR LEIBACH, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

On September 1, 2006, Bruce Pryor, a Tennessee highway patrol trooper in Warren County, Tennessee, saw a white Pontiac that was going "a little fast" appear to cross into another lane of traffic. *State of Tennessee v. Lawrence D. Ralph*, 347 S.W.3d 710, 713 (Tenn. Crim. App. 2010), *perm. app. denied* (Tenn. March 9, 2011). Trooper Pryor signaled for the Pontiac to pull over so that he could give the driver a warning, but the car sped off as Trooper Pryor approached it. *Id.* As Trooper Pryor chased the Pontiac, he again saw it cross into another lane of traffic before it parked on the left side of the road, at which point the driver, who had a ponytail and was wearing a white t-shirt and "denim 'short pants'" and whom Trooper Pryor identified at trial as Petitioner, ran into the woods. *Id.*

After Petitioner fled, a passenger got out of the Pontiac and Trooper Pryor arrested him for public intoxication. *Id.* Other troopers arrived to assist Trooper Pryor in searching for Petitioner and while they were doing so, a third party named Johnny McCormick, Jr., saw a man with long hair who was carrying a white shirt and "looking around 'like he was scared,'" whom he identified at trial as Petitioner, leave the woods and run across the street. *Id.* Mr. McCormick then learned

from his brother that police were looking for someone in the area, found Trooper Pryor, and reported what he had seen. *Id.* at 713–14.

After Trooper Pryor received another tip regarding his search for Petitioner from a local resident, he went to the residence of Sheila Hobbs. *Id.* at 714. While he was speaking to Ms. Hobbs, Petitioner came out from the back of Ms. Hobbs's house, at which point Trooper Pryor recognized him as the driver of the Pontiac and arrested him. *Id.* While he was arresting Petitioner, Trooper Pryor noticed leaves and twigs in Petitioner's hair, scratches on Petitioner's legs, a "strong odor of alcohol," and that Petitioner had bloodshot eyes. *Id.* According to Trooper Pryor, Petitioner was alert and "frazzled" during his arrest at Ms. Hobbs's residence, which was about forty-five minutes after Trooper Pryor had seen the Pontiac that Petitioner was driving cross into another lane. *Id.*

According to Ms. Hobbs, Petitioner had performed repairs in her home in the days prior to September 1, 2006, and had been sleeping in her bedroom for more than five and up to fifteen or thirty minutes when Trooper Pryor arrived on that day, but she was unsure how long he had been at her home or whether he was working on her home on September 1, 2006. *Id.* However, Ms. Hobbs did not find any blood or leaves in her bed after Petitioner was arrested. *Id.*

When he and Trooper Pryor arrived at the jail, Petitioner signed the implied consent form for a breath-alcohol test after Trooper Pryor reviewed it with him. *Id.* Trooper Pryor then observed Petitioner for twenty minutes, during which time Petitioner did not put anything in his mouth, chew gum or tobacco, smoke or drink, or "appear to belch" before Trooper Pryor administered the test, which he was certified to do, using an intoximeter that the Tennessee Bureau of Investigation had certified. *Id.* The test showed that Petitioner's blood alcohol level was .09. *Id.*

2

Based on this evidence set forth at Petitioner's trial for offenses arising out of this incident, a Warren County jury convicted Petitioner of driving under the influence ("DUI"), DUI per se (fourth offense), driving on a revoked driver's license (fifth offense), violation of the habitual traffic offender statute, and two counts of evading arrest [Doc. 18-1 p. 65–66]. However, the trial court ultimately set aside Petitioner's conviction for driving on a revoked license based on double jeopardy concerns due to Petitioner's conviction for being a habitual traffic offender that arose from the same indictment, and dismissed this count of the indictment conditioned on Petitioner's habitual traffic offender conviction surviving appeal [Doc. 18-6 p. 6[1]].

The TCCA affirmed Petitioner's convictions. *Id.* at 719. Petitioner then filed a petition for post-conviction relief that the state court denied after a hearing [Doc. 18-12 p. 45; Doc. 18-13], and the TCCA affirmed. *Ralph v. State of Tennessee*, No. M2013-00828-CCA-R3-PC, 2014 WL 2000987 (Tenn. Crim. App. May 14, 2014), *perm. app. denied* (Tenn. Sept. 25, 2014).

Now before the Court is Petitioner's pro se amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he asserts that (1) the evidence was insufficient to support

---

[1] The judgments in the technical record of Petitioner's direct appeal are from the wrong case [Doc. 18-1 p. 86–91]. However, a supplemental record from this appeal contains the correct judgments against Petitioner for the convictions for which he seeks relief under § 2254 herein [Doc. 18-6].

Also, the Tennessee Court of Criminal Appeals' ("TCCA") opinions regarding the convictions Petitioner challenges herein state that the trial court merged Petitioner's DUI convictions together, merged his revoked license conviction with his habitual traffic offender conviction, and sentenced Petitioner to four years each for the DUI, habitual traffic offender, and evading arrest convictions, resulting in an effective twelve-year sentence. *State of Tennessee v. Lawrence D. Ralph*, 347 S.W.3d 710, 713 (Tenn. Crim. App. 2010), *perm. app. denied* (Tenn. March 9, 2011); *Ralph v. State of Tennessee*, No. M2013-00828-CCA-R3-PC, 2014 WL 2000987 (Tenn. Crim. App. May 14, 2014). However, as set forth above, the supplemental record establishes that the trial court actually set aside and dismissed Petitioner's revoked license conviction due to double jeopardy concerns [Doc. 18-6 p. 6] rather than merging it with the habitual traffic offender conviction.

3

his DUI conviction; (2) the trial court erred in sentencing him; (3) his trial counsel was ineffective for not ordering the transcript of the voir dire before his trial; and (4) his trial counsel was ineffective for not asserting a double jeopardy argument arising out of his convictions for driving on a revoked license and being a habitual traffic offender, and his post-conviction counsel was ineffective for not asserting that his trial counsel was ineffective with regard to the double jeopardy argument [Doc. 12]. Respondent filed a response in opposition thereto [Doc. 19], as well as the state record [Doc. 18]. After reviewing the relevant filings, including the state court record, the Court finds that the record establishes that Petitioner is not entitled to relief under § 2254. Accordingly, no evidentiary hearing is warranted, *see* Rules Governing § 2254 Cases, Rule 8(a) and *Schirro v. Landrigan*, 550 U.S. 465, 474 (2007), Petitioner's requests for § 2254 relief will be **DENIED**, and this action will be **DISMISSED**.

### I. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified in 28 U.S.C. § 2254, *et. seq.*, a district court may not grant habeas corpus relief for a claim that a state court adjudicated on the merits unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

The § 2254(d) standard is a hard standard to satisfy. *Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (noting that "§ 2254(d), as amended by AEDPA, is a purposefully demanding standard . . . 'because it was meant to be'") (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)). When evaluating the evidence presented in State court, a federal habeas court presumes

the correctness of the State court's factual findings unless the petitioner rebuts that presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

## II. ANALYSIS

### A. Sufficiency of the Evidence

Petitioner first claims that the evidence was insufficient to support his DUI conviction. The United States Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307 (1979), provides the controlling rule for such claims. *See Gall v. Parker*, 231 F.3d 265, 287–88 (6th Cir. 2000), *superseded on other grounds Parker v. Matthews*, 567 U.S. 37 (2012). In *Jackson*, the Supreme Court held that the evidence is sufficient to sustain a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. In making this determination, the district court may not "reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

A habeas court reviewing a challenge to the sufficiency of the evidence must apply two levels of deference. *Parker v. Renico*, 506 F.3d 444, 448 (6th Cir. 2007). First, under *Jackson*, the court gives deference to the fact finder's verdict "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008) (citing *Jackson*, 443 U.S. at 324 n.16); *see also Cavazos v. Smith*, 565 U.S. 1, 6–7 (2011) (providing that "a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution'") (quoting *Jackson*, 443 U.S. at 326). The habeas court must also give additional deference the state court's consideration of the trier-of-fact's verdict pursuant to the highly

5

deferential standards of the AEDPA. *Cavazos*, 565 U.S. at 6 (noting the double deference owed "to state court decisions required by § 2254(d)" and "to the state court's already deferential review"). As such, a petitioner bringing a claim of insufficient evidence "bears a heavy burden." *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir. 1986).

Petitioner makes no argument to support his claim that the evidence was insufficient to support his DUI conviction in his § 2254 petition, but instead cut and pasted the TCCA's factual summary of his trial and legal analysis of this claim from its opinion denying Petitioner's direct appeal [Doc. 12 p. 6–12]. However, as set forth above, there was substantial circumstantial evidence that Petitioner was intoxicated at the time that Trooper Pryor saw him driving the Pontiac, including but not limited to the breath-alcohol test, and Petitioner cites no evidence to the contrary.

Such circumstantial evidence is sufficient to support a DUI conviction under Tennessee and federal law. *State v. Greenwood*, 115 S.W. 3d 527, 532–33 (Tenn. Crim. App. 2003) (providing that a breath-alcohol test "administered a reasonable time after the defendant has been driving . . . constitutes circumstantial evidence upon which the trier of fact may, but is not required to, convict the defendant of DUI") ; *Durr v. Mitchell*, 487 F.3d 423, 449 (6th Cir. 2007) (holding that "circumstantial evidence is entitled to equal weight as direct evidence"). Thus, Petitioner has not met his heavy burden to establish that the TCCA's determination that the evidence was sufficient to support Petitioner's DUI conviction was an unreasonable application of federal law or an unreasonable determination of the facts in light of the evidence presented and Petitioner is not entitled to § 2254 relief for this claim.

### B. Sentence

Petitioner also claims that the state court erred with regard to his sentence. In support of this claim, Petitioner again copied and pasted portions of the TCCA's opinion affirming the trial

6

court's denial of this claim in his direct appeal, and additionally states that the court erred in imposing the maximum sentence and that this sentence is cruel and unusual punishment because the trial court's findings that Petitioner had a "'blatantly obvious'" extensive criminal record and "'had devoted a great deal of his life to criminal acts'" were too vague to support the imposition of this sentence [Doc. 2 p. 6; Doc. 5 p. 1–2].

To the extent that this claim arises out of allegations of error in the application of state law as Petitioner alleged in his direct appeal claim challenging his sentence as excessive [Doc. 18-7 p. 20–21], however, it is not cognizable under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (holding that "it is not the province of a federal habeas court to reexamine state-court determinations on state-court questions").

Moreover, to the extent that Petitioner now asserts in his § 2254 petition that his sentence violates the Eighth Amendment because it amounts to cruel and unusual punishment, he did not present any such claim to the state court when he raised a claim challenging his sentence in his direct appeal [Doc. 18-7 p. 20–21], or when he appealed the denial of his post-conviction petition [Doc. 18-14]. For a federal court to consider a claim on habeas review, a petitioner must first exhaust his state court remedies for that claim. 28 U.S.C. §2254(b)(1). Exhaustion requires the petitioner to "fairly present" each federal claim to all levels of the state appellate system by presenting the "same claim under the same theory" up to the state's highest court, *Wagner v. Smith*, 581 F.3d 410, 414, 418 (6th Cir. 2009), to ensure that states have a "full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The record establishes Petitioner did not exhaust his claim that his sentence violated his constitutional rights with the state courts.

Thus, the Court will not address the merits of this claim.

7

### C. Ineffective Assistance of Counsel

As set forth above, Petitioner also claims that his trial counsel was ineffective for failing to request a copy of the transcript from the voir dire at his trial and for not asserting a double jeopardy argument arising out of his convictions for driving on a revoked license and being a habitual traffic offender, and his post-conviction counsel was ineffective for not asserting that his trial counsel was ineffective with regard to the double jeopardy argument. The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This includes the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. A petitioner has the burden of proving ineffective assistance of his counsel. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A party asserting an ineffective assistance of counsel claim must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from

8

counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires a claimant to show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

The Supreme Court has emphasized that a claimant must establish both prongs of a claim for ineffective assistance of counsel to meet his burden, and if either prong is not satisfied, the claim must be rejected. *Strickland*, 466 U.S. at 69. Moreover, a habeas petitioner alleging ineffective assistance of counsel bears a heavy burden, given the "doubly deferential" review of a such a claim under § 2254(d)(1). *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

### 1. Voir Dire

As set forth above, Petitioner asserts that trial counsel was ineffective for not requesting the transcripts of the voir dire in his trial. However, Petitioner has not set forth any facts suggesting that anything occurred in voir dire that prejudiced his defense. Thus, Petitioner has failed to establish the second prong of *Strickland* for this ineffective assistance of counsel claim, and the TCCA's holding that Petitioner was not entitled to relief on this claim was not an unreasonable application of federal law or an unreasonable determination of the facts in light of the evidence presented. As such, Petitioner is not entitled to relief under § 2254 for this claim.

### 2. Double Jeopardy

Petitioner also alleges that his convictions for being a habitual traffic offender and driving on a revoked license convictions violated double jeopardy, that his trial counsel was ineffective for failing to raise this argument, and that his post-conviction counsel was ineffective for failing

9

to raise this claim for ineffective assistance of trial counsel [Doc. 12 p. 22–5]. Petitioner relies on *Sutton v. Carpenter*, 745 F.3d 787, 792–95 (6th Cir. 2014), to overcome his procedural default of this argument and asserts that this error resulted in a four-year prison sentence [*Id.*].

A petitioner who fails to raise his federal claim in the state courts and cannot now do so due to a procedural rule has committed a procedural default that forecloses federal habeas review unless the petitioner shows cause to excuse his failure to comply with the procedural rule and actual prejudice from the constitutional violation. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). An attorney's ineffective assistance in post-conviction proceedings generally does not establish "cause" to overcome procedural default of claims. *Id.* at 755. Where a habeas petitioner could raise a claim for trial counsel's ineffective assistance for the first time in a post-conviction petition, however, ineffective assistance of post-conviction counsel may be "cause" to excuse the procedural default. *Wallace v. Sexton*, 570 F. App'x 443, 452–53 (6th Cir. 2014); *Trevino v. Thaler*, 133 S.Ct. 1911, 1918–21 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012). This exception applies in Tennessee. *Sutton v. Carpenter*, 745 F.3d 787, 792–95 (6th Cir. 2014).

Petitioner's claim that his trial counsel was ineffective for not raising a double jeopardy argument and that his post-conviction counsel was ineffective for not raising this claim for ineffective assistance of trial counsel in his post-conviction petition fits within the *Martinez* framework. Thus, the Court must determine whether Petitioner is entitled to relief under *Strickland* based on his post-conviction counsel's failure to raise an ineffective assistance of counsel claim asserting that Petitioner's trial counsel should have argued that convicting Petitioner for both driving on a revoked license and for being a habitual traffic offender violated the principles of double jeopardy under the Tennessee Constitution. *State v. Green*, 947 S.W.2d 186, 190 (Tenn.

10

Crim. App. 1997) (finding that the offenses of driving on a revoked license and for being a habitual traffic offender "are the 'same' for double jeopardy purposes under the Tennessee Constitution").

As set forth above, however, the record establishes that the trial court ultimately set aside Petitioner's conviction for driving on a revoked license due to double jeopardy concerns arising from the fact that the jury had convicted Petitioner of being a habitual traffic offender based on the same indictment [Doc. 18-6 p. 6]. Thus, even if Petitioner's counsel was deficient for not raising this double jeopardy argument based on *Green*, nothing in the record suggests Petitioner was prejudiced by this deficiency, as he did not actually serve any time for this set-aside conviction for driving on a revoked license, but rather the trial court sentenced him to four years for his habitual traffic offender conviction alone [*Id.* at 7], as well as four years for his merged DUI convictions [*Id.* at 4–5], and eleven months and twenty-nine days for each of his evading arrest convictions [*Id.* at 8–9]. As such, Petitioner has not established that he suffered any prejudice due to his trial counsel's failure to raise this double jeopardy argument, and therefore cannot establish that his post-conviction counsel was ineffective for failing to raise a claim for ineffective assistance of trial counsel arising out of trial counsel's failure to make this argument.

Accordingly, Petitioner has not met his burden to establish that he is entitled to relief under § 2254 for this claim.

### III. CONCLUSION

For the reasons set forth above, Petitioner's requests for § 2254 relief will be **DENIED** and this action will be **DISMISSED**.

### IV. CERTIFICATE OF APPEALABILITY

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may

appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the court dismissed a claim on the merits, but reasonable jurists could conclude the issues raised are adequate to deserve further review, the petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003); *Slack*, 529 U.S. at 484.

Reasonable jurists would not debate the Court's finding that Petitioner procedurally defaulted his claim that his sentence violated his rights under the Eighth Amendment. Further, reasonable jurists could not conclude that Petitioner has made a substantial showing of a denial of a constitutional right with regard to his claims regarding sufficiency of the evidence or for ineffective assistance of counsel such that they would be adequate to deserve further review. Accordingly, a **COA SHALL NOT ISSUE.**

    **AN APPROPRIATE ORDER WILL ENTER.**

    **ENTER:**

                                            s/Clifton L. Corker
                                            United States District Judge